# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| In re MADIHA MINER. | CASE NO. MS19-0106JLR<br><br>ORDER |

Plaintiff Madiha Miner frequently files civil complaints and other papers with the United States District Court for the Western District of Washington. On August 14, 2019, the court declared Ms. Miner to be a vexatious litigant (*see* Vexatious Litigant Order (Dkt. # 1), Ex. A) and imposed standing litigation restrictions on her (Standing Litig. Restrictions (Dkt. # 1) at 1-3). Those standing litigation restrictions provide:

> If the court determines that the *pro se* complaint meets the requirements of Federal Rule of Civil Procedure 8, then the court will direct the clerk to assign a civil case number to the complaint and to issue summons. If the complaint does not meet the requirements of Rule 8, the court will enter an order declining to treat the case as a civil action.

(*Id.* at 2.)

The court entered the vexatious litigant order against Ms. Miner in *Miner v. Social Security Administration*, No. C19-0821JLR, which had been consolidated with *Miner v. King County Housing Authority Section* 8, No. C19-0822JLR. (*See* Vexatious Litig. Order at 5-11.) In that order, the court noted that, in addition to the filings in C19-0821JLR and C19-0822JLR, Ms. Miner had outstanding complaints pending before the court in the following cases: *Miner v. Kanner*, No. C19-1047JLR; *Miner v. United States Federal Government*, No. C19-1048JLR; *Miner v. King County Superior Court*, No. C19-1049JLR; and *Miner v. Property Concepts, Inc.*, No. C19-1128JLR. (*Id.* at 10-11.) The court directed the Clerk to file those complaints (and any future *pro se* complaints from Ms. Miner) under the current miscellaneous case number, No. MS19-0106JLR. (*See id.* at 14.) Those four complaints are currently before the court (*Miner v. Kanner* Compl. (Dkt. # 2); *Miner v. U.S. Fed. Gov't* Compl. (Dkt. # 3); *Miner v. King Cty. Super. Ct.* Compl. (Dkt. # 4); *Miner v. Prop. Concepts, Inc.* Compl. (Dkt. # 5)), and the court considers them in turn under the terms of its standing litigation restrictions against Ms. Miner.[1]

---

[1] The titles that Ms. Miner used for her initial case filings are not accurate or easy to follow. For example, in *Miner v. Property Concepts, Inc.*, Ms. Miner filed multiple documents labeled as her "Complaint" under the same docket number. (*See Miner v. Prop. Concepts, Inc.* Compl. at 1-3.) As another example, Ms. Miner improperly titled her filing in *Miner v. United States Federal Government* as her "Amended Complaint" even though there was no complaint to amend. (*See, e.g.*, *Miner v. U.S. Fed. Gov't* Compl. at 1.) For purposes of this order, the court construes Ms. Miner's initial filings in each of these four cases and any attachments to those filings as her complaint, regardless of the label that Ms. Miner affixed to the filings or attachments.

In *Miner v. Kanner*, Ms. Miner filed a confusing, conclusory narrative statement alleging various acts of cyber harassment and discrimination against an assortment of entities. (*See Miner v. Kanner* Compl. at 9-13.) Ms. Miner appears to claim that she attempted to raise these harassment and discrimination claims in the state and federal courts but was unable to do so successfully because of unspecified acts of prosecutorial misconduct by the King County Prosecutor's Office and judicial bias from this court. (*See id.* at 12-13.) Ms. Miner filed many of the same allegations in *Miner v. United States Federal Government* (*see Miner v. U.S. Fed. Gov't* Compl. at 1-5), but added additional conclusory and nonsensical allegations that the federal government was harassing her and her family members (*see id.* at 6-11). The complaint in *Miner v. King County Superior Court* is a one-page document that states that Ms. Miner would like all her cases moved to the "United States District Court in Seattle" because there has been "fraudulent activity" and "a lot of bias" in those cases. (*See Miner v. King Cty. Super. Ct.* Compl.) Finally, in *Miner v. Property Concepts, Inc.*, Ms. Miner essentially re-filed her one-page complaint in *Miner v. King County Superior Court* under a different case caption (*see Miner v. Prop. Concepts, Inc.* Compl. at 3) and filed duplicate copies of another one-page complaint that alleges conclusory claims of housing discrimination against a property management company that has purportedly refused to respond to Ms. Miner's requests to have a service animal at her home (*see id.* at 1-2, 4).

Having reviewed Ms. Miner's proposed complaints and pursuant to the court's standing litigation restrictions, the court declines to treat Ms. Miner's proposed complaints as commencing a civil action because she has failed to comply with the notice

pleading requirements of Federal Rule of Civil Procedure 8(a). The court DIRECTS the clerk not to calendar, take any other action, or file any further pleading in these matters other than a notice of appeal.

Dated this 10th day of September, 2019.

JAMES L. ROBART
United States District Judge